**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROGER D. SIMS                                                                PETITIONER

V.                                 5:11-cv-00090-JJV

RAY HOBBS, Director,                                       RESPONDENT
Arkansas Department of Correction, *et al.*

**ORDER**

Pending before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 of Roger Sims, an inmate at the Cummins Unit of the Arkansas Department of Correction (ADC). For the following reasons, Mr. Sims' Petition is DENIED.

**I.     BACKGROUND**

On October 9, 2001, Mr. Sims entered a guilty plea in Craighead County Circuit Court to one count of rape and one count of incest. (Doc. No. 9, Ex. A.) Mr. Sims was sentenced to 420 months on the rape count and received a 120 month suspended sentence on the incest count, for a total of 420 months in the ADC. (*Id.*).

Mr. Sims filed his Petition on April 18, 2011 (Doc. No. 2) and contends he has a right to be considered for parole pursuant to Senate Bill 912 of the Arkansas General Assembly which became Act 866. (*Id.*). He believes that the wording of Act 866 creates a liberty interest in being considered for parole. (*Id.*). Respondent filed a Response on June 13, 2011, and counters that Mr. Sims' Petition should be dismissed because he has no constitutional right to be considered for parole and, even if he did, he is not eligible for parole because he has not yet served 70% of his sentence. (Doc. No. 9).

**II.     DISCUSSION**

Mr. Sims cites the Arkansas' Legislature's 2007 amendment to ARK. CODE ANN. § 16-93-206. The legislature added that "[a]fter the Parole Board has fully considered and denied the transfer of an offender sentenced for committing an offense listed in subdivision (c)(1) of this section, the Parole Board may delay any reconsideration of the transfer for a maximum period of two (2) years." 2007 Ark. Acts 866. This amendment, Mr. Sims argues, creates a liberty interest.[1]

Respondent states the amendment is irrelevant because Mr. Sims' "parole eligibility is determined by the law in effect at the time the crime is committed." *Boles v. Huckabee*, 340 Ark. 410, 412 (2000). Mr. Sims' offense date was May 12, 2001 (Doc. No. 9, Ex. A) and the statute in effect at that time states:

> (c)(1) Persons who commit the following felonies on or after January 1, 1994, shall be eligible to be considered for discretionary transfer to the Department of Community Correction by the Post Prison Transfer Board after having served one-third (1/3) or one-half (1/2), with credit for meritorious good time, of their sentences, depending on the seriousness determination made by the Arkansas Sentencing Commission, or one-half (1/2), with credit for meritorious good time, of the time to which their sentences are commuted by executive clemency:
> 
> (A) Any homicide, §§ 5-10-101 — 5-10-105;
> (B) Sexual abuse in the first degree, § 5-14-108;
> (C) Battery in the first degree, § 5-13-201
> (D) Domestic battering in the first degree, § 5-26-303
> (E) The following Class Y felonies:
>    (i)  Kidnapping, § 5-11-102;
>    (ii) Rape, § 5-14-103;
>    (iii) Aggravated Robbery, § 5-12-103;
>    (iv) Causing a catastrophe, § 5-38-202(a);
> (F) Engaging in a continuing criminal enterprise, § 5-64-414; or
> (G) Simultaneous possession of drugs and firearms, § 5-74-106.

ARK. CODE ANN. § 16-93-206(c)(1) (Supp. 2001) (Lexis Nexis) (amended 2011).

---

[1] ARK. CODE ANN. § 16-93-206(c)(1) appears to only provide for discretionary transfer of an inmate to the Department of Community Correction and does not provide for parole. Construing Petitioner's arguments broadly, the Court will consider Mr. Sims' argument to be that he has a liberty interest in being considered for discretionary transfer and parole.

Giving Petitioner all benefit of the doubt, it is likely that Mr. Sims would still argue the statute's use of the word "shall" still creates a liberty interest. Regardless of the use of "shall," there is long standing precedent that concludes there is no liberty interest in the chance of parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Sandin v. Connor*, 515 U.S. 472, 487 (1995) (possibility of early release is not a liberty interest).

It is understandable that Mr. Sims might conclude the word "shall" creates a liberty interest. A liberty interest does arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008). But the Arkansas statutes provide broad discretion to the Parole Board, the Board of Corrections, the ADC, and the Department of Community Corrections. For instance, the Parole Board is vested with discretion that they "may release on parole any individual eligible under § 16-93-601 . . . when, in its opinion, there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself." ARK. CODE ANN. § 16-93-701(a)(1) (Supp. 2001) (Lexis Nexis). And the Arkansas Statutes addressing inmate transfer to the Department of Community Corrections states that "[u]pon commitment of an eligible offender to the Department of Correction, the department will transfer the eligible offender to a community punishment program, when he reaches his transfer date, in accordance with the rules and regulations promulgated by the Board of Corrections and conditions set by the Post Prison Transfer Board." ARK. CODE ANN. § 16-93-1208(a)(1)(A) (Supp. 2001) (Lexis Nexis).

Arkansas Code Annotated § 16-93-1210 also expressly provides that nothing in the statutes "shall grant any offender the right to be sentenced or transferred . . . as a matter of right." ARK. CODE ANN. § 16-93-1210 (Supp. 2001) (Lexis Nexis). So, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and the statutes – regardless of the use of

3

shall in this case – do not establish any right to release on parole or transfer which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 200-01 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *Robinson v. Mabry*, 476 F. Supp. 1022, 1023 (E.D. Ark. 1979). When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).

Finally, as the Respondent argues, regardless of his constitutional claims, Mr. Sims is simply not yet eligible for parole. In 2001, Arkansas Code Annotated §16-93-611(a) required that any inmate who had been convicted of rape serve seventy percent (70%) of their sentence before being eligible for parole or community punishment transfer. ARK. CODE ANN. § 16-93-611(a) (Supp. 2001) (Lexis Nexis) (repealed 2011). So, Mr. Sims must first serve 294 months to be eligible for parole or community punishment transfer. Today, Mr. Sims has served around 120 months. Based on the requirement of ARK. CODE ANN. § 16-93-611(a), Mr. Sims would not be eligible for community punishment transfer even if he had a liberty interest.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Sims' § 2254 Petition (Doc. No. 2) is DISMISSED with prejudice and the requested relief is DENIED;

2. A certificate of appealability is denied[2]; and

---

[2] Pursuant to 28 U.S.C. § 2253 and Rule 11 of the RULES GOVERNING SECTION 2554 CASES IN THE UNITED STATES DISTRICT COURT, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Haag has made a substantial showing of a

3. All other pending motions are denied as moot.

IT IS SO ORDERED this <u>2nd</u> day of September 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.